```
                                              FILED
                                       U.S. DISTRICT COURT
                                     EASTERN DISTRICT OF LA

                                       2006 FEB 24  PM 4:20

                                        LORETTA G. WHYTE
                                             CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BYRON B. JOHNSON                                    CIVIL ACTION

VERSUS                                              NUMBER: 05-0413

D. KENT ANDREWS, WARDEN,                            SECTION: "R"(5)
ET AL.

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Byron B. Johnson, and the State's response thereto. (Rec. docs. 2, 12). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Johnson's petition be dismissed with prejudice.

Petitioner Johnson is a state prisoner who is presently incarcerated at the Allen Correctional Center, Kinder, Louisiana. The proceedings resulting in his incarceration have been somewhat protracted and will not be repeated here except as is necessary to resolve the matter at hand. Suffice it to say that on September

```
___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No._____
```

21, 1981, Johnson pled guilty to the crime of manslaughter in the Criminal District Court for the Parish of Orleans, State of Louisiana, and was sentenced to twenty-one years in prison. The State subsequently filed a bill of information accusing Johnson of being multiple offender under LSA-15:529.1. Johnson admitted to the allegations contained in the multiple offender bill of information on March 3, 1982, whereupon he was sentenced to thirty years imprisonment under R.S. 15:529.1.

Sometime in 1998, Johnson filed a pro se motion to correct illegal sentence in the state trial court, arguing that his thirty-year sentence was invalid because his original twenty-one year sentence had not been formally vacated prior to imposition of the thirty-year sentence under R.S. 15:529.1. That motion was denied by the trial court on March 11, 1999. Johnson then instituted administrative remedy proceedings with the Louisiana Department of Corrections, asserting that his thirty-year enhanced sentence was null and void and, as a result, that he was entitled to earn "good time" credits on his original twenty-one year sentence. While those administrative proceedings were pending, Johnson was returned to the trial court on January 12, 2000 which formally vacated his original twenty-one year sentence but left in place his thirty-year enhanced sentence. Johnson then sought writs from the Louisiana Fourth Circuit Court of Appeal which was dismissed as untimely on January 11, 2001. State v. Johnson, No. 2000-K-2771 (La. App. 4th

Cir. Jan. 11, 2001)(unpublished order). Johnson's subsequent writ application to the Louisiana Supreme Court was likewise denied. State v. Johnson, 803 So.2d 986 (La. 2001).

On January 12, 2001, Johnson, through counsel, filed an application for post-conviction relief in the trial court, asserting the same three related claims that he now urges in his federal habeas petition. Less than one month later, Johnson filed a motion to correct illegal sentence in the trial court, again asserting the very same three claims for relief. Johnson's motion to correct illegal sentence was denied by the trial court on May 15, 2001 and writs were denied by both the Louisiana Fourth Circuit, State v. Johnson, No. 2001-K-1123 (La. App. 4th Cir. Sept. 6, 2001)(unpublished opinion), and the Louisiana Supreme Court. State v. Johnson, 825 So.2d 1161 (La. 2002). Johnson's application for post-conviction relief was not formally denied by the trial court until July 10, 2003. He then sought writs from the Louisiana Fourth Circuit which, on September 16, 2003, ruled as follows:

> **WRIT DENIED**
>
> In this writ application, the defendant-relator is seeking review of the trial court's judgment denying his application for post-conviction relief. All of relator's claims pertain to sentencing. Sentencing claims are not cognizable in post conviction relief. La. C.Cr.P. art. 930.3; State ex rel Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172.
>
> Furthermore, the relator's claims are the same issues raised and denied by this Court in the prior writ 2001-K-1123. The Supreme Court

3

> also found them repetitive when it denied the review from this Court's writ denial. State v. Johnson, 825 So.2d at 1161, as well as noting that the claims were barred under Melinie.
>
> Thus, the trial court correctly denied the relator's application for post conviction relief. Accordingly, this writ is denied.
>
> State v. Johnson,<br>No. 2003-K-1414<br>(La. App. 4th Cir.<br>Sept. 16, 2003)<br>(unpublished opinion).

Johnson's subsequent writ application to the Louisiana Supreme Court was denied without written reasons on September 2, 2004. State v. Johnson, 882 So.2d 602 (La. 2004). Johnson signed and dated his federal habeas petition on February 8, 2005. (Rec. doc. 2, p. 6).

Johnson is now before the Court seeking federal habeas corpus relief pursuant to 28 U.S.C. §2254. In his petition, Johnson asserts the same three claims he had urged in his most recent pleadings aimed at securing post-conviction relief from the state courts, to-wit: "1) that the trial court was without jurisdiction to re-sentence petitioner as a multiple offender because of the unreasonable delay; 2) the petitioner's original sentence had been completed prior to his being re-sentenced as a multiple offender; [and,] 3) petitioner was eligible for calculated good time pursuant to his original sentence which was not properly vacated until at least eighteen (18) years had been served." (Rec. doc. 2, p. 10).

4

As noted in the abbreviated procedural history set forth above, when presented with Johnson's three claims in the post-conviction relief application context, the Louisiana Fourth Circuit, the last state court to issue a reasoned opinion with respect to the claims, refused to review the claims on the merits, instead finding them to be procedurally barred under, inter alia, LSA-C.Cr.P. Art. 930.3 and State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996).

Federal habeas review of a constitutional claim is barred by the procedural default doctrine if the last state court to review the claim clearly and expressly states that its judgment rests on a procedural bar, provided that the bar constitutes an independent and adequate state procedural rule that is regularly applied by the state courts. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546 (1991); Harris v. Reed, 489 U.S. 255, 109 S.Ct. 1038 (1989). In order to satisfy the independence requirement, the last state court rendering a judgment in the case must "clearly and expressly" indicate that its judgment rests on a state procedural bar. Harris, 489 U.S. at 263, 109 S.Ct. at 1043; Amos v. Scott, 61 F.3d 333, 338 (5th Cir.), cert. denied, 516 U.S. 1005, 116 S.Ct. 557 (1995). Where the last reasoned opinion of the state court to consider the claim explicitly imposes a procedural bar, it is presumed that later state courts silently rejecting the claim did not disregard the bar. Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S.Ct. 2590, 2594 (1991). A state procedural rule is "adequate"

when it is strictly and regularly followed and applied evenhandedly to the vast majority of similar claims. Amos, 61 F.3d at 339. A presumption of adequacy arises when a state court expressly relies on a procedural bar in deciding not to review a claim for collateral relief. Lott v. Hargett, 80 F.3d 161, 165 (5th Cir. 1996). Various sections of this Court have previously determined that the Article 930.3/Melinie bar constitutes an independent and adequate state procedural rule that is regularly applied by the state courts. Tassin v. Lovell, No. 99-CV-1630 (E.D. La. Oct. 26, 1999); Williams v. Lensing, No. 99-CV-1612, 1999 WL 670972 at *3-4 (E.D. La. Aug. 25, 1999); Bibbins v. Andrews, No. 99-CV-1398, 1999 WL 56273 at *2-3 (E.D. La. July 30, 1999); Scott v. Cain, No. 97-CV-3558, 1998 WL 273116 at *3 (E.D. La. May 27, 1998).

In light of the foregoing authorities, federal habeas review of Johnson's three claims is barred by the procedural default doctrine. An exception to the doctrine exists if Johnson can show cause for the procedural default and actual prejudice as a result of the alleged constitutional violation, or if he demonstrates that the failure to entertain the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750, 111 S.Ct. at 2565. "Cause" is something external to the petitioner, something that cannot be fairly attributed to him that impedes his efforts to comply with the state's procedural rule. Moore v. Roberts, 83 F.3d 699, 704 (5th Cir. 1996), cert. denied, 519 U.S. 1093, 117 S.Ct. 772

(1997). In order to prove a fundamental miscarriage of justice, a prisoner must demonstrate his actual innocence. Glover v. Cain, 128 F.3d 900, 904 (5th Cir. 1997), cert. denied, 523 U.S. 1125, 118 S.Ct. 1811 (1998).

Johnson makes no showing of cause for having failed to properly and timely litigate his three claims in the state court system prior to submitting them to the Court in his federal habeas petition. Because Johnson does not establish cause for his procedural default, the Court need not consider the element of prejudice. Murray v. Carrier, 477 U.S. 478, 494-95, 106 S.Ct. 2639, 2649 (1986). And no colorable showing of actual innocence being made here, Johnson has not shown that the failure to entertain his three claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750, 111 S.Ct. at 2565.

Alternatively, even if the Court were free to review the merits of Johnson's three claims, it would still recommend that relief be denied. Johnson was sentenced to thirty years under R.S. 15:529.1 on March 3, 1982. Some sixteen years later, he complained, via a motion to correct illegal sentence, that the thirty-year sentence was invalid because the original twenty-one sentence that had been imposed on September 21, 1981 had not been formally vacated. On January 12, 2000, Johnson was brought before the trial court at which time his original twenty-one year sentence was formally vacated. He then instituted multiple proceedings in

the state courts in which he alleged that he had been "resentenced" on the latter date but that his thirty-year was now invalid because of "unreasonable delay," a delay that is largely attributable to him alone in allowing a significant period of time to elapse before challenging his sentence. As observed by the Louisiana Fourth Circuit in one of it's prior opinions, "...the trial court did not actually resentence the relator [on January 12, 2000], but merely corrected the technical mistake of not vacating the original sentence [of September 21, 1981]." Johnson, No. 2001-K-1123 (unpublished op. at p. 3). Thus, in the eyes of the state courts, Johnson has all along been serving the thirty-year sentence that was imposed on March 3, 1982.[1]/ Because that sentence was meted out at an enhancement proceeding which is not determinative of guilt or innocence and at which an accused does not possess the full range of due process and other constitutional rights normally attendant to such an adjudication, Buckley v. Butler, 825 F.2d 895,

---

[1]/ The Court also notes that the Louisiana Supreme Court denied Johnson's writ application in Case No. 01-KP-2714 based on, inter alia, the fact that it was untimely under LSA-C.Cr.P. Art. 930.8 which sets forth a two-year statute of limitations for state prisoners to apply for post-conviction relief. State v. Johnson, 825 So.2d 1161 (La. 2002). Implicit in that holding is that Johnson's conviction and sentence became final long ago when he failed to challenge them via a direct criminal appeal in 1982. That would render his habeas petition untimely under 28 U.S.C. §2244(d) as he had no challenges to his conviction pending before the state courts between April 24, 1996 and April 24, 1997, the one-year grace period allowed by Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) for state prisoners like Johnson whose convictions became final prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996.

8

902-03 (5th Cir. 1987), cert. denied, 486 U.S. 1009, 108 S.Ct. 1738 (1988), Johnson's claims are all challenges to the State's failure to follow its own sentencing procedures which are not reviewable through federal habeas proceedings. Joseph v. Butler, 838 F.2d 786, 789 n.2 (5th Cir. 1988), Haynes v. Butler, 825 F.2d 921, 924 (5th Cir. 1987), cert. denied, 484 U.S. 1014, 108 S.Ct. 717 (1988); Jones v. Estelle, 622 F.2d 124, 126 (5th Cir.), cert. denied, 449 U.S. 996, 101 S.Ct. 537 (1980).

## RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Byron B. Johnson be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 24 day of Feb, 2006.

_____
UNITED STATES MAGISTRATE JUDGE