FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG -4 P 3 56

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BYRON B. JOHNSON | CIVIL ACTION |
| VERSUS | NO. 05-0413 |
| O. KENT ANDREWS, WARDEN, ET AL. | SECTION R(5) |

## ORDER AND REASONS

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, if necessary, and submitting proposed findings of fact and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Before the Court are petitioner's objections to the magistrate judge's report and recommendation. Having reviewed *de novo* the petition, the record, the applicable law, the report and recommendation of the United States Magistrate Judge, and the petitioner's objections to the report and recommendation, the Court finds that the petition should be DISMISSED with prejudice.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

I.  **PROCEDURAL HISTORY**

Johnson pleaded guilty in State Court to manslaughter and was sentenced to 21 years in prison on September 21, 1981. (R. Doc. 13 at 2). Later, the state filed a bill of information accusing Johnson of being a multiple offender under LSA-R.S. 15:529.1. (*Id.*) Johnson admitted to the allegations in the multiple offender bill on March 3, 1982, and was then sentenced to 30 years in prison under La. R.S. 15:529.1. (*Id.*)

Sixteen years later, in 1998, Johnson filed a motion in the state trial court arguing that his 30-year sentence was invalid because his original 21-year sentence had not been vacated properly under LSA-R.S. 15:529.1. (*Id.*) After the trial court denied this motion on March 11, 1999, Johnson initiated administrative remedy proceedings with the Louisiana Department of Corrections, again asserting that his 30-year sentence was null and void. (*Id.*) On January 12, 2000, while the administrative proceedings were pending, the trial court formally vacated Johnson's original 21-year sentence but left in place his 30-year sentence. (*Id.*) Johnson then sought writs from the Louisiana Fourth Circuit Court of Appeal, *State v. Johnson*, No. 2000-K-2771 (La. App. 4th Cir. Jan. 11, 2001) (unpublished order), and the Louisiana Supreme Court, *State v. Johnson*, 803 So.2d 986 (La. 2001), both of which were dismissed as untimely. (R. Doc. 13 at 2-3).

On January 12, 2001, Johnson filed an application for post-conviction relief in the trial court, asserting the same three claims he urges in his federal *habeas* petition. (R. Doc. 13 at 3). Less than one month later, Johnson filed a motion to correct illegal sentence in the trial court, again asserting the same three claims for relief. (*Id.*) The trial court denied the motion to correct sentence on May 15, 2001. The Louisiana Fourth Circuit, *State v. Johnson*, No. 2001-K-1123 (La. App. 4th Cir. Sept 6, 2001) (unpublished opinion) and the Louisiana Supreme Court, *State v. Johnson*, 825 So.2d 1161 (La. 2002) denied writs. (*Id.*)

On July 10, 2003, the trial court denied Johnson's application for post-conviction relief. (*Id.*) He then sought writs from the Louisiana Fourth Circuit, which, on September 16, 2003, denied the application for a procedural defect under La. C.Cr.P. art. 930.3 and *State ex rel. Melinie v. State*, 665 So. 2d 1172 (La. 1996). (*Id.*) Johnson then filed a writ application with the Louisiana Supreme Court, which was denied without written reasons on September 2, 2004. *State v. Johnson*, 882 So. 2d 602 (La. 2004).

On March 3, 2006, Johnson filed his federal *habeas* petition under 28 U.S.C. section 2254. (R. Doc. 2) In his petition, Johnson asserts three related claims for relief: 1) the trial court was without jurisdiction to re-sentence petitioner as a multiple offender because of the unreasonable delay in formally vacating the

3

original 21-year sentence; 2) since the enhanced sentence was null and void, petitioner was eligible to earn good time credit on the original 21-year sentence; and 3) petitioner's original 21-year sentence had been completed before he was resentenced as a multiple offender. (R. Doc. 2 at 7,10).

In its response to Johnson's *habeas* petition, the state asserts that it has been unable to comply with a court order to produce the district court record because it has been lost due to the antiquity of the conviction and sentencing. (R. Doc. 3); (R. Doc. 12 at 1). The state argues that even without the district court record, the Fourth Circuit and the Louisiana Supreme Court records contain sufficient information to show that Johnson's habeas petition is untimely. (R. Doc. 12 at 5).

The state asserts that Johnson's conviction became final when he was re-sentenced to 30 years in prison on March 3, 1982. (*Id.*) The state asserts that under 28 U.S.C. section 2244(d), which allows a one-year grace period for filing federal *habeas* petitions for state prisoners whose convictions became final prior to the effective date of the Antiterrorism and Effective Death Penalty Act, Johnson had until April 24, 1997 to file a federal *habeas* petition. (R. Doc. 12 at 3-4). The state argues that since Johnson did not have any post conviction proceedings pending before a state court between April 24, 1996 and April 24, 1997, the

prescriptive period was not tolled under 28 U.S.C. 2244(d)(2). (R. Doc. 12 at 5). Therefore, petitioner's time to file a federal *habeas* petition expired on April 24, 1997, causing his March 3, 2005 petition to be untimely. (*Id.*)

The magistrate judge issued a report and recommendation on Johnson's *habeas* claims. (R. Doc. 13). After examining the facts and the law, the magistrate judge concluded that: 1) Johnson's federal *habeas* petition is barred under the procedural default doctrine; and 2) even if review of Johnson's claims were not barred under the procedural default doctrine, the claims are not reviewable through federal *habeas* proceedings because they are challenges to a state's failure to follow its own sentencing procedures. (R. Doc. 13 at 6, 8-9). The magistrate judge therefore recommended that the petition be dismissed with prejudice. (R. Doc. 13 at 9).

Johnson objected to the magistrate judge's report and recommendation, asserting that his case presents a rare exception to the procedural default doctrine. (R. Doc. 14 at 3). Johnson argues that the exception applies to his case because the state's failure to provide him with the district court record caused him to be unable to comply with state procedural rules and resulted in actual prejudice in the magistrate's report and recommendation. (R. Doc. 14 at 2-4).

## III. DISCUSSION

The procedural default doctrine holds that federal *habeas* review of a constitutional claim is barred if the last state court to review the claim clearly and expressly stated that its judgment rests on a procedural bar, provided that the bar constitutes an independent and adequate state procedural rule that is regularly applied by the state courts. *Coleman v. Thompson*, 501 US 722, 729-30 (1991); *Bledsue v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999). In order to satisfy the independence requirement, the last state court rendering a judgment in the case must "clearly and expressly" indicate that its judgment rests on a state procedural bar. *Harris v. Reed*, 489 US 255, 262-63 (1989); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995). A state procedural rule is "adequate" when it is strictly or regularly followed and applied evenhandedly to the vast majority of similar claims. *Amos*, 61 F.3d at 338. A presumption of adequacy arises when a state court expressly relies on a procedural bar in deciding not to review a claim for relief. *Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996).

An exception to the doctrine exists if a petitioner can show cause for the procedural default and actual prejudice as a result of the alleged constitutional violation, or if the petitioner demonstrates that failure to entertain the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 US at 750; *Amos*

61 F.3d at 339. "Cause" is something external to the petitioner that cannot be fairly attributed to him and impedes his efforts to comply with the state's procedural rule. *Moore v. Roberts*, 83 F.3d, 699, 704 (5th Cir. 1996). When a petitioner cannot establish cause for a procedural default, a court does not need to consider the element of prejudice. *Murray v. Carrier*, 477 US 478, 494-95, (1986); *Glover v. Cain* 128 F.3d 900, 904 (5th Cir. 1997). In order to prove a fundamental miscarriage of justice, a prisoner must demonstrate his actual innocence. *Glover*, 128 F.3d at 904.

   1.   *State Procedural Bar*

Federal habeas review of a constitutional claim is barred by the procedural default doctrine if the last state court to review the claim clearly and expressly stated that its judgment rests on a procedural bar, provided that the bar constitutes an independent and adequate state procedural rule that is regularly applied by the state courts. *Coleman*, 501 U.S. at 729. Where the last reasoned opinion of the state court to consider the claim explicitly imposes a procedural bar, it is presumed that later state courts silently rejecting the claim did not disregard the bar. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Louisiana Fourth Circuit Court of Appeals was the last state court to issue a reasoned opinion regarding Johnson's application for post-conviction relief. The court of appeals

7

denied Johnson's writ application under La. C.Cr.P. art. 930.3 and *State ex rel Melinie v. State*, 665 So. 2d 1172. In *Melinie*, the Louisiana Supreme Court ruled that La. C.Cr.P. art. 930.3 sets forth the exclusive grounds for granting post-conviction relief and does not provide a basis for post-conviction review of sentencing errors. 665 So. 2d at *1. Instead, sentencing errors should be challenged on direct appeal. *See Bibbins v. Andrews*, 1999 WL 562730, *2-3 (E.D. LA. 1999). Johnson then filed a writ application with the Louisiana Supreme Court, which was the last state court to review his claim. Since the court denied Johnson's application without reasons, it is presumed that it did not disregard the Article 930.3/*Melinie* bar applied by the court of appeals.

A state court's judgment must rest on an independent and adequate state procedural bar in order to bar federal *habeas* review. *Coleman*, 501 U.S. at 729. A state procedural bar satisfies the independence requirement when a state court clearly and expressly indicates that its judgment rests on that bar. *Amos*, 61 F.3d at 338. Since the court of appeals expressly stated that review of Johnson's claims is barred under Article 930.3 and *Melinie*, the court clearly indicated that its decision rested on a state procedural bar. Therefore, the Fourth Circuit's reliance on the *Melinie* procedural bar satisfies the independence requirement.

Since the court of appeals expressly relied on the *Melinie* procedural bar in denying Johnson's claim, it is presumed that the bar satisfies the adequacy requirement. *Lott*, 80 F.3d at 165. The United States District Court for the Eastern District of Louisiana has recognized the Article 930.3/*Melinie* bar as an adequate state procedural bar that has been regularly invoked by the Louisiana Supreme Court. *Williams v. Lensing*, 1999 WL 670972 at *3-4 (E.D. La. Aug. 25, 1999); *Bibbins v. Andrews*, 1999 WL 562730 at *2 (E.D. La. July 30, 1999). Since the *Melinie* bar has been accepted as an adequate state procedural bar, and Johnson does not claim that it is not regularly or even-handedly applied to claims similar to his own, the bar satisfies the adequacy requirement. *See Bibbins*, 61 F.3d 333 at *2.

Since the last state court to review Johnson's claim rested its judgment on the Article 930.3/*Melinie* bar, and this bar constitutes an independent and adequate state procedural rule, the magistrate properly concluded that federal *habeas* review of Johnson's claims is barred under the procedural default doctrine.

2. *Exception to the Procedural Default Doctrine*

Johnson asserts that his case presents an exception to the application of the procedural default doctrine. An exception to the doctrine exists if a petitioner can show cause for the procedural default and actual prejudice as a result of the alleged

constitutional violation, or if the petitioner demonstrates that failure to entertain the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 US at 750; *Amos* 61 F.3d at 339.

Johnson argues that the state's failure to produce the district court record is a cause external to him that impeded his ability to comply with state procedural rules. (R. Doc. 14 at 4). In *Glover v. Cain*, the Fifth Circuit held that review of a prisoner's federal *habeas* petition was barred under the procedural default doctrine when the prisoner had failed to file an application for post-conviction relief by a Louisiana statutory deadline. 128 F.3d at 901-02. The court reasoned that the state's failure to provide a petitioner with a transcript of his plea and sentencing proceedings did not constitute "cause" under *Coleman* because the missing transcript did not prevent the petitioner from developing a factual or legal basis for his claim, nor did it prevent the petitioner from uncovering the existence of legal claims. 128 F.3d at 903-04. The court found that the petitioner's pleadings established that, even without the transcript, he possessed sufficient knowledge to form a factual and legal basis upon which an application for post-conviction relief could be filed. (*Id.*) Since the petitioner was aware of his legal claims, the court held that the missing transcript did not prevent

him from timely filing his application. (*Id.*)

Johnson first raised the claim that his 30-year enhanced sentence is null and void when he filed a motion to correct illegal sentence with the state trial court in 1998. In 2001, he raised the same three claims that he now raises in his federal habeas petition when he filed an application for post-conviction relief and a motion to correct illegal sentence with the state trial court. These pleadings establish that Johnson was able to develop the factual and legal basis for the claims he now raises in his federal *habeas* petition without the district court record. Since the missing record did not prevent Johnson from developing or discovering the factual and legal basis for his claims, he cannot show that the missing records constitute "cause" for his failure to challenge his enhanced sentence on direct appeal or timely file his *habeas* petition.

Since Johnson cannot show that missing record constitutes cause for his procedural default, this Court need not consider whether he suffered actual prejudice. *Glover*, 128 F.3d at 904. It is unlikely, however, that the district court record would have changed the magistrate's recommendation since the magistrate possessed the Fourth Circuit and Supreme Court records, which establish that Johnson's claims are barred under the procedural default doctrine for the reasons listed *supra*. Furthermore, since

Johnson makes no claim that he is actually innocent of the charge underlying his conviction, he has not established that barring review of his claims under the procedural default doctrine will result in a fundamental miscarriage of justice. (*Id.*); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

> 3.  *Challenge to Louisiana's Failure to Follow Its Own Sentencing Procedures*

By challenging Louisiana's failure to formally vacate his original sentence before imposing an enhanced sentence under LSA-R.S.15:529.1, Johnson challenges the state's failure to follow its own sentencing procedures. Since 28 U.S.C. section 2254 provides for federal *habeas* review only when a prisoner is being held in violation of the Constitution or laws of the United States, a prisoner's claim that he is being held in violation of a state law is not reviewable through federal *habeas* proceedings. *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987); *Branan v. Booth*, 861 F.2d 1507 (11th Cir. 2000). Therefore, even if review of Johnson's claims were not barred by the procedural default doctrine, Johnson's challenge to Louisiana's failure to follow its own sentencing guidelines would not be reviewable through federal *habeas* proceedings.

## IV. CONCLUSION

For the reasons stated above, and for the additional reasons provided in the United States Magistrate Judge's report and recommendation, petitioner's *habeas* petition is DISMISSED with prejudice.

New Orleans, Louisiana, this ____ day of August, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE